## Holben's Appeal.

*Public officers—County treasurer—Compensation—Appeals—Function of the court—Acts of April 15, 1834, May 27, 1841, April 18, 1874, April 16, 1875, May 10, 1921.*

1. The Act of April 16, 1875, P. L. 54, relating to the compensation of county treasurers, which was a supplement to the Act of April 15, 1834, P. L. 537, applied only when the commissioners and auditors failed to fix the compensation of that officer.

2. Under the Act of May 10, 1921, P. L. 437, which amended the Act of April 16, 1875, P. L. 54, where the commissioners and auditors have fixed the compensation of the county treasurer, and an appeal has been taken by him, the appeal does not come before the court as if nothing has been done, so that the court must take up the whole matter *de novo*.

3. On such an appeal, the duty of the court is limited to the question of whether the discretion vested in the commissioners and auditors has been abused, even if the court, in the exercise of independent judgment, might be inclined to differ with them as to their conclusions.

4. Where, on appeal, no warrant is shown for charging the county with the treasurer's clerk hire and with the premium paid by the treasurer on his bond, the court cannot take into consideration these items.

Appeal by county treasurer from action of county commissioners and county auditors fixing his compensation for year 1923. C. P. Jefferson Co., Aug. T., 1923, No. 468.

*W. L. McCracken*, for appellant.

*Raymond E. Brown*, County Solicitor, for county.

CORBET, P. J., Dec. 29, 1923.—By unanimous resolution adopted June 8, 1923, the county commissioners, pursuant to section 41 of the Act of April 15, 1834, P. L. 537, 544, settled and fixed the compensation of Earle M. Holben, Treasurer of the county, for the year 1923, at 2¾ per cent. on all the county's moneys received and paid out by him to and including the sum of $100,000, and one-fourth of 1 per centum on all such moneys received and paid out in excess of that sum, in full compensation for his services in behalf of the county. At the same time the county auditors unanimously consented to and approved the rate so settled and fixed.

From such action said Earle M. Holben, County Treasurer, on Aug. 7, 1923, appealed to this court, and assigned as reason therefor: "That said compensation fixed by the board of county commissioners is inadequate to properly remunerate him for the responsibilities of said office, services rendered by him, and the costs and expenses of the maintenance of said office." The appel-

lant and the county commissioners, with their respective attorneys, were present and fully heard at the hearing duly given.

Appellant, testifying in his own behalf to disbursements made to date, and estimated disbursements for the remainder of the year, arrives at the sum of $254,000 as the probable sum on which compensation will be computable, and that at the rates fixed his gross compensation would be $3135; that his expense for clerk hire is $1120, of which he apportioned three-fourths, or $840, to work for the county, and the remainder to State work; that he paid a premium of $300 for the year for the corporate surety on his bond, and that, if from the $3135 gross the $840 for clerk and $300 for premium, or in all $1140, be deducted, he would have left but $1995 net compensation for himself.

When the Act of April 15, 1834, P. L. 537, was passed (the 41st section of which is still in force), it was provided, in section 27, that "the commissioners of each county shall annually, in the first week in the month of January, appoint a respectable citizen as county treasurer." And in case of vacancy, it was made their duty to fill it by appointment to the end of the year.

By Act of May 27, 1841, P. L. 400, the office was made elective.

A supplement to the said Act of 1834, enacted April 18, 1874, P. L. 63, provided that the compensation of each county treasurer, save in counties of over 150,000 inhabitants, or where local laws fixed the compensation, should be settled under laws existing at the time of his entering upon his duties, and in cases of disagreement between county commissioners and county auditors, and a failure to settle said compensation from any cause, the county treasurer should receive as compensation the same amount per centum, upon all sums received and paid out by him, as was received by his predecessor in office.

The Act of April 16, 1875, P. L. 54, repealed said last mentioned Act of 1874, and provided: "That in every case where the commissioners and auditors have heretofore failed, or shall hereafter fail, to fix the compensation of any county treasurer, an appeal may be taken to the Court of Common Pleas of the proper county by the commissioners or treasurer, in the same manner that appeals may now be taken from the reports of county auditors on settlement of the accounts of county treasurers in this Commonwealth, . . . and on every such appeal the said court shall have power, in its discretion, to fix the compensation aforesaid finally."

The Act of 1834 gave no appeal, and this Act of 1875 only applied when the commissioners and auditors failed to fix the compensation, not when they had fixed it: Merwine v. Monroe County, 141 Pa. 162.

By the Act of May 10, 1921, P. L. 437, the aforesaid Act of April 16, 1875, P. L. 54, was amended to read as follows, to wit: "That in every case where the county commissioners and the county auditors have heretofore fixed, or shall hereafter fix, the compensation of the county treasurer, or where they have heretofore failed, or shall hereafter fail, to fix the compensation of any county treasurer, an appeal may be taken to the Court of Common Pleas of the proper county by the commissioners or treasurer, in the same manner that appeals may now be taken from the reports of county auditors on settlement of the accounts of county treasurers in this Commonwealth: Provided, that no appeal shall be taken in any case where the commissioners and auditors shall have fixed, or shall have failed to fix, such compensation prior to the approval of this act, unless the same shall be taken within thirty days after such approval, and on every such appeal the said court shall have power, in its discretion, to fix the compensation aforesaid finally."

What is the duty or obligation of the court in the present matter? The Act of 1921, just referred to, concludes, as did the Act of 1875, with the phrase

4 D. & C.

Holben's Appeal.

or provision: "And on every such appeal the said court shall have power, in its discretion, to fix the compensation aforesaid finally." Where, through inability of the county commissioners and county auditors to agree, or for any other reason, there exists a failure to fix the compensation, it is quite apparent the court is, by appeal to it, substituted for the commissioners and auditors, who have failed to function, and must fix the compensation finally. But where such officers, who are first charged with the duty to fix or settle the compensation, have done so, and an appeal is taken by the treasurer because he is dissatisfied with the compensation fixed, does it come before the court with like aspect as if nothing had been done, or as if the commissioners and auditors had failed to fix the compensation, and must the court take up the whole matter *de novo*. I think not. There were three county commissioners and three county auditors, six men in all, any one of them, perhaps, by knowledge and experience, better qualified than the single judge of this court to determine what would be a fair and adequate compensation for the county treasurer, who unanimously settled and fixed what it should be. The entire board of commissioners had participated in fixing the compensation for the three preceding years, and one of them had been a member of the board which preceded the present one. A member of the board of auditors was a former county commissioner. Another member had served as a county auditor for quite some time, and all of them had preceding years of experience as county auditors. It seems to me highly improbable that the legislature, under the circumstances, intended that an appeal should have the effect of nullifying entirely the action of the commissioners and auditors, and that the judge of the court should disregard it entirely, and determine what, in his personal judgment and discretion, the compensation should be. The law has appointed the county commissioners, with the approbation of the county auditors, as the tribunal to settle and fix the compensation, and when they have done so, and an appeal is taken to the court, I am of opinion, the duty of the latter is limited to the question of whether the discretion vested in the commissioners and auditors has been abused, even though the court, in the exercise of independent judgment, might be inclined to differ with them as to their conclusion: In re Report of County Auditors, 1 Woodward, 270. If such abuse is made to appear, and the burden of so showing is upon the appellant, then the court is vested with power, in its discretion, to fix the compensation finally, but not otherwise.

In the present instance the chief matter of complaint is that the amount per cent. on all moneys received and paid in excess of $100,000 was fixed at one-fourth of 1 per cent. for the present year, when it had previously been three-fourths of 1 per cent., and that, as mentioned, the compensation fixed is inadequate.

It is to be borne in mind that the action of the commissioners and auditors was taken near the middle of the year, and that the appeal only came on to be heard near the end of the year. What may have seemed adequate at one time may not in the end prove to be so, or it may turn out to be too much, apparently owing to the amount which, in the end, has been received and paid. For the present year no warrant has been shown or found for charging the county with the treasurer's clerk hire and with the premium paid by the treasurer on his bond, nor had the commissioners aught to do with either fixing the clerk hire or selection of a corporate bond. It is clear that what cannot be charged directly cannot be collected indirectly. Hence, while these items might have been anticipated and considered when fixing the compensation, I am of opinion, they cannot be considered now as casting any unfair-

ness upon, or indicative of any abuse of the discretion of, the commissioners and auditors.

Without further lengthening this opinion, I am constrained to hold, under all the circumstances, that appellant has not established any abuse of discretion by the commissioners and auditors in the fixing of his compensation; that I ought not to substitute my judgment for theirs, and that under the law, as I view it, the appeal must be dismissed at appellant's costs: the nature of the case not admitting of a judgment either for or against any party.

And now, Dec. 29, 1923, after hearing and due consideration, the appeal is dismissed, at the cost of the appellant, Earle M. Holben.